# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

NEWTON JR. COOK,                )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CIV-08-034-KEW
                                )
JOE R. WATKINS; and             )
TERRY PARKS,                    )
                                )
            Defendants.         )

## OPINION AND ORDER

This matter comes before the Court on Defendant Terry Park's Motion to Dismiss filed February 19, 2008 (Docket Entry #10) and the Motion to Dismiss or, Alternatively, Motion for More Definite Statement filed February 20, 2008 (Docket Entry #12). Plaintiff, acting *pro se*, initiated this case on January 29, 2008, alleging in a form Complaint "[i]llegal arrest and jailed, racial profiling, abuse of power, failure to follow correct procedure governing removable of state and local sign in the town of Cookville, OK." Little additional factual information is provided to explain or support Plaintiff's claims.

This Court also conducted a Scheduling Conference on March 6, 2008 with Plaintiff and counsel for Defendants present. Plaintiff orally explained the basis for what appears to be a civil rights claim. This Court informed Plaintiff that this factual information must be set forth in his Complaint in order to permit Defendants to ascertain the allegations being made against them and to formulate a response. Accordingly, Plaintiff was ordered to file an amended

Complaint containing more factual substance than the current form on file.

Both of Defendants' Motions are based upon Fed. R. Civ. P. 12(b)(6), essentially arguing the Complaint is so deficient and vague that Plaintiff fails to state a claim. Defendant Watkins alternatively asks that, should dismissal be denied, Plaintiff be required to make a more definite statement of his allegations under Fed. R. Civ. P. 12(e).

This Court is aware of the refinement of the Rule 12(b)(6) standard by the United States Supreme Court in the case of <u>Bell Atlantic Corp. v. Twombley</u>, 127 S.Ct. 1955 (2007). The Supreme Court now requires that the cause of action stated must be plausible and not merely conceivable. This modification has not been extended, however, to supercede the recognized "less stringent" standard employed to evaluate the sufficiency of *pro se* pleadings. These filings still must be liberally construed, however inartfully pleaded. <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007). As a result, this Court will deny the current motions to dismiss in order to permit Plaintiff the opportunity to specifically set forth the facts upon which he relies to support his claims.

IT IS THEREFORE ORDERED that Defendant Terry Park's Motion to Dismiss filed February 19, 2008 (Docket Entry #10) and the Motion to Dismiss or, Alternatively, Motion for More Definite Statement

filed February 20, 2008 (Docket Entry #12) are hereby **DENIED.** However, Defendant Watkins' alternative Motion for More Definite Statement also made a part of Docket Entry #12 is hereby **GRANTED**. Plaintiff shall file an Amended Complaint, specifically setting forth all facts upon which he relies to assert his claims no later than **MARCH 17, 2008**.

IT IS SO ORDERED this 7th day of March, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE