**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

NEWTON JR. COOK, )
  )
       Plaintiff, )
  )
v. ) Case No. CIV-08-034-KEW
  )
JOE R. WATKINS; and )
TERRY PARKS, )
  )
       Defendants. )

### **OPINION AND ORDER**

This matter comes before the Court on Defendant Terry Parks' Motion to Dismiss filed March 21, 2008 (Docket Entry #23) and the Motion to Dismiss filed by Defendant Joe R. Watkins on March 21, 2008 (Docket Entry #24). On January 29, 2008, Plaintiff, acting *pro se*, commenced this case, alleging in a form Complaint "[i]llegal arrest and jailed, racial profiling, abuse of power, failure to follow correct procedure governing removable of state and local sign in the town of Cookville, OK." Little additional factual information is provided to explain or support Plaintiff's claims.

In response, each Defendant filed a Motion to Dismiss, alleging, *inter alia*, that the Complaint was so deficient and vague as to warrant dismissal. In the alternative, Defendant Watkins also requested that Plaintiff be required to file a more definite statement as to his allegations.

This Court also conducted a Scheduling Conference on March 6, 2008 with Plaintiff and counsel for Defendants present. Plaintiff

orally explained the basis for what appears to be a civil rights claim.  This Court informed Plaintiff that this factual information must be set forth in his Complaint in order to permit Defendants to ascertain the allegations being made against them and to formulate a response.  Accordingly, Plaintiff was ordered to file an amended Complaint containing more factual substance than the current form on file.

On March 14, 2008, Plaintiff filed a document entitled "Amended Complaint."  This document begins with a statement that "[e]nclosed you will find the necessary document to amend this complaint for racial profiling and discrimination from the above defendants."  Under a heading entitled "appendix," Plaintiff lists the attached documentation as (A) "Cooksville Signs (Choctaw County Genealogy)"; (B) "Towns in Choctaw County"; and (C) "Protective Order."  Plaintiff further states "[t]he appendix will explain how the sheriff department and the district attorney violated my civil rights of 1965 and 1995."

The first document in the appendix is a newspaper article from the Hugo Daily News dated February 2, 2006 which was apparently printed from an Internet site.  The article details a dispute between Plaintiff, described in the article as the "self-proclaimed mayor of 'Cooksville,' and the town of Speer, Oklahoma over the placement of some signs.  The second document is a list of towns in Choctaw County, Oklahoma, whose source is also a website on the

Internet. The third and last document included in the appendix is apparently an application for a temporary protective order as well as a signed temporary protective order dated November 20, 2001 and served upon three individuals in Hugo, Oklahoma – Brenda Cook, Ericka Mann, and Lula Mays. Plaintiff alleged these women threatened him and that his wife abused him. Plaintiff contended his wife and children took items from his home and locked him out of his house.

Each Defendant once again filed a Motion seeking dismissal of Plaintiff's Amended Complaint. Defendant Parks contends (1) Plaintiff has failed to state a claim upon which relief can be granted because it is so vague as to fail to put Defendant on notice of the claims against him; and (2) Plaintiff's claims are barred by the applicable statute of limitations. For his part, Defendant Watkins asserts (1) Plaintiff's Amended Complaint fails to state a claim because it sets out a series of legal conclusions instead of supported factual allegations; (2) absolute prosecutorial immunity; and (3) that the Amended Complaint lacks sufficient factual information to withstand the scrutiny required by law.

Plaintiff failed to file a response to these Motions within the time required by this Court's local rules. As a result, on April 15, 2008, this Court directed Plaintiff to show cause by April 30, 2008 as to why the Motions should not be granted due to

3

his failure to file responses. On April 22, 2008, Plaintiff filed a document entitled "Response to Show Cause" which stated "the order to show cause is in accordance with the civil rights cover sheet and both Defenadnts has (sic) willfully abuse (sic) their powers as to real property, Civil Rights Act of 1993 and 1965, and property rights." Plaintiff then lists "1. Racial Profiling; 2. Bias; 3. Gender and Race; 4. Misconduct." Plaintiff appends virtually the same documents which were attached to the Amended Complaint with the exception he has added copies of an Information filed against him and a copy of the Fourth Amendment to the United States Constitution.

Having still received no explanation for Plaintiff's failure to respond to the Motions or, for that matter, responses to each basis for relief in the Motions, this Court directed that separate responses be filed addressing each Motion by May 23, 2008. On May 20, 2008, Plaintiff filed a document entitled "Respond (sic) to Show Cause." In the document, Plaintiff states some kind of claim for malicious injury to property due to his Native American heritage, racial profiling of him as a black male against Defendant Parks, bias, court abuse of power and police abuse of power and mental stress. He also states his wife assaulted him and he was arrested and made to leave, stating "divorce proceeding unconstitutional." He states his claims as violations of the Sixth Amendment, Fourteenth Amendment, and Civil Rights of 1963 and 1993.

On the same date, Plaintiff also filed a document entitled "Respond (sic) to Motion to Dismiss." In that filing, Plaintiff enumerates four counts – (1) malicious injury to property, removal of a sign from the Cooksville cemetery. "Police and court were abuse of power failure to comply with the rights of Indians, Native Americans"; (2) Assault and abuse by wife. "After my wife assault (sic) me I was removed for (sic) my home my police, threated (sic) by police, arrest and my wife assaulted me"; (3) Propective (sic) order filed by me, never put into force, Terry Parks went to the counthouse (sic) and pulled my propective (sic) order and replace (sic) the propective (sic) order with one against me, when my wife wasn't neveve (sic) assaulted"; and (4) "Divorce proceeding, wife was granted the home and we purchased this home together and my attroney (sic) and the court would not listen to me an (sic) awarded my wife the home. Unconstitutional. The court showed favortism (sic) to females and bias."

Defendants' Motions are grounded in Fed. R. Civ. P. 12(b)(6), consideration of which has gone through a considerable refinement with the issuance of the opinion by the United States Supreme Court in the case of <u>Bell Atlantic Corp. v. Twombley</u>, 127 S.Ct. 1955 (2007). The Supreme Court now requires that the cause of action be plausible and not merely conceivable. This modification has not been extended, however, to supercede the recognized "less stringent" standard employed to evaluate the sufficiency of *pro se*

pleadings. These filings still must be liberally construed, however inartfully pleaded. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). However, leniency has its bounds. While a pro se litigant's pleadings are to be liberally construed, they are required to follow the same rules of procedure as other litigants. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994). As a result, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall, *supra* at 1110. In addition, this Court will not "take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

This Court must, then, determine whether the factual allegations set out by Plaintiff are plausible. "'[P]lausible' cannot mean 'likely to be true.' Rather, 'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'. . . The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citations omitted). This Court, then, turns to the factual

allegations alleged by Plaintiff.

Defendant Parks is alleged to have been a deputy sheriff in Hugo, Oklahoma at the time of the alleged offenses. Defendant Watkins is alleged to have been a district attorney. Plaintiff first alleges malicious injury to property – apparently in connection to the removal of signs off of property of another, with some vague reference to his race – which is either African American, Native American or both. No personal participation by either of these Defendants is alleged, which is required under 42 U.S.C. § 1983 in alleging a constitutional violation. Trujillo v. Williams, 465 F.3d 1210, 1227-1228 (10th Cir. 2006).

Even if it were alleged, the factual allegations are disjointed and incoherent to sufficiently state a claim or meet the plausibility standard. Additionally, to the extent the "malicious injury to property" claim arises from the criminal Information filed against him in the Choctaw County District Court for Malicious Injury to Property, that charge was filed on October 23, 2003. The statute of limitations for constitutional claims enforced through 42 U.S.C. § 1983 is two years from the date of the alleged violation. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988). Plaintiff did not initiate this action until January 29, 2008; thus, this claim is untimely.

Plaintiff's second claim stemming from an assault by his wife references his arrest, removal from his home and unspecified

7

threats by police. Again, neither of the two Defendants are specifically identified in this allegation. Moreover, any assault by his wife is not actionable under § 1983, since it is not alleged she is a state actor. This claim, too, is factually deficient and vague and, therefore, does not withstand the plausibility standard required under Twombley.

Plaintiff next alleges in his response to the Motions that he has asserted a claim surrounding a protective order filed by him. He contends Defendant Parks replaced Plaintiff's protective order with one against him. From the attachments to the Amended Complaint, it appears the entry of the protective order resulted in the filing of an Information against Plaintiff for the violation of the order. This charge was filed against Plaintiff on January 26, 2004. Again, Plaintiff's claim is time-barred, as having been filed outside of the applicable two-year statute of limitations.

The final allegation by Plaintiff concerns his discontent with the results of his divorce proceeding. This allegation does not plausibly give rise to a constitutional claim. Neither of the Defendants are alleged to have personally participated in any unconstitutional action in connection with Plaintiff's divorce. Any claim which remotely could be considered constitutional also accrued outside of the statute of limitations, since Plaintiff's divorce decree was entered on December 17, 2002.

As a result of these rulings, this Court concludes that, to

the extent Plaintiff's claims can be discerned from his vague, incoherent, and rambling filings, the claims are barred. Therefore, this action will be dismissed in its entirety.

IT IS THEREFORE ORDERED that Defendant Terry Parks' Motion to Dismiss filed March 21, 2008 (Docket Entry #23) and the Motion to Dismiss filed by Defendant Joe R. Watkins on March 21, 2008 (Docket Entry #24) are hereby **GRANTED**. Accordingly, this action is hereby **DISMISSED**.

IT IS SO ORDERED this ___29th___ day of August, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE